IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Peggy Harvin Sabatino,<br><br>      Plaintiff,<br> vs.<br><br>Andrew Saul, Commissioner of Social Security Administration,<br>      Defendant. | Civil Action No. 9:19-cv-150-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed January 15, 2020, recommends the decision of the Commissioner be affirmed. ECF No. 18. On January 30, 2020, Plaintiff filed objections to the Report. ECF No. 19. On February 12, 2020, the Commissioner filed a response to Plaintiff's objections. ECF No. 20. For the reasons stated below, the court declines to adopt the Report on the issue of whether the ALJ's decision that Plaintiff does not meet Listing 1.04A is supported by substantial evidence. The court therefore reverses and remands for further administrative action on that issue. The balance of the Report is adopted, and the remainder of Plaintiff's objections are overruled.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[1] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the

---

[1] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means – and it means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 578 U.S. __, 139 S. Ct. 1148, 1154 (2019).

2

administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## Background

Plaintiff applied for DIB on April 5, 2017, alleging disability as of April 3, 2017 due to a back injury. R[2]. at 48-49. Plaintiff's application was denied initially and upon reconsideration. On May 31, 2018, a hearing was held before an Administrative Law Judge ("ALJ"). On July 25, 2018, the ALJ issued a decision, finding Plaintiff was not disabled within the meaning of the Act from the alleged onset date through the date of decision. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action January 17, 2019. ECF No. 1.

---

[2] Citations to the Record are denoted by "R."

**Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision as supported by substantial evidence. ECF No. 18 at 19. Plaintiff objects to the Report, arguing the evidence of record supports her meeting Listing 1.04A, the ALJ failed to address the Functional Capacity Evaluation completed by treating physician Dr. Giddens and the evidence supporting his April 2017 opinion, failed to analyze Plaintiff's ability to perform her past relevant work, and did not properly evaluate Plaintiff's credibility. ECF No. 19. The Commissioner argues Plaintiff has not met her burden of showing she meets Listing 1.04, and the Magistrate Judge was correct in determining the ALJ's findings were supported by substantial evidence. ECF No. 20.

1) *Listing 1.04*

Plaintiff's objections first argue she has presented sufficient evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and positive straight-leg raising test, and that the ALJ's reasoning in finding she did not meet Listing 1.04 is "moot" as required by Fourth Circuit precedent. ECF No. 19 at 1. She also argues the Magistrate Judge engaged in "post hoc rationalization" by independently citing to records showing Plaintiff did not have the required symptoms. *Id.* at 2. Defendant argues the Magistrate Judge did not engage in post hoc rationalization, but referred to the ALJ's decision that included evidence supporting his finding. ECF No. 20 at 2. He further argues Plaintiff has not met her burden of showing she has met the Listing. *Id.*

The Fourth Circuit has held Listing 1.04 requires four symptoms – limitation of motion of the spine, motor loss, sensory or reflex loss, and positive straight-leg raising test – "must be present in the claimant," and she must show she has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months. *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013). The court has also held each symptom need not exist at the same time or in particularly close proximity, as "abnormal physical findings may be intermittent," but the claimant must prove a chronic condition by showing the symptoms were experienced "over a period of time as evidenced by a record of ongoing management and evaluation." *Id.*

The ALJ acknowledged Plaintiff need not show each symptom of nerve root compression was present at the same time in order to establish she meets Listing 1.04A. R. at 23. However, he did not discuss any specific medical findings related to nerve root compression or any of the four symptoms as they appear in the medical records, merely stating "I find no evidence of nerve root compression" and the symptoms either "did not appear in the record at all during the period under consideration or it appeared for only discrete periods" (*id.*), without acknowledging which symptoms did appear in the record, when any appeared or for how long, or why he concluded they were not experienced over a period of twelve months.

The Magistrate Judge reasoned the ALJ's determination that Plaintiff did not meet Listing 1.04A was supported by substantial evidence, citing evidence from the ALJ's opinion of Plaintiff's condition and ability to work. *Id.* at 12 (discussing medical records and noting, in part, Plaintiff could move about with a normal gait and was released to light duty work, x-rays showed no evidence of hardware loosening or fracture, and she showed no significant pathology on imaging

5

and had a normal exam). However, Plaintiff's general condition and ability to work[3] do not determine whether she meets the Listing; rather, the issue is whether Plaintiff has suffered from nerve root compression as evidenced by the four symptoms. A plaintiff may prove "a chronic condition by showing that [she] experienced the symptoms over a period of time as evidenced by a record of ongoing management and evaluation." *Radford*, 734 F.3d at 294. While the Magistrate Judge discussed a visit on April 13, 2017, where Plaintiff had full motor strength in her lower extremities, normal reflexes, and negative straight leg raise, neither he nor the ALJ discussed the myriad other medical records cited by Plaintiff showing she did have periods when she experienced limited range of motion, neuro-anatomic distribution of pain, muscle weakness, and at least one positive straight leg raise test.

The court finds the ALJ failed to evaluate Plaintiff's evidence of the symptoms in Listing 1.04 as required by *Radford*. Although he assessed Plaintiff's medical records and evidence of Plaintiff's medical condition and treatment, it does not appear he did so while considering the specific symptoms related to nerve root compression. His findings on Listing 1.04 were limited to one paragraph, in which he noted the symptoms either "did not appear in the record at all during the period under consideration or it appeared for only discrete periods." R. at 23. However, if each symptom appeared for discrete periods sufficient to establish Plaintiff had nerve root compression for a period of 12 months, that would meet the Listing. Even when reviewing

---

[3] Neither is Plaintiff's current ability to work relevant to her symptoms of nerve root compression at the time during which she alleges disability, from April 3, 2015.

Plaintiff's medical history elsewhere in the disability determination, the ALJ did not specifically discuss nerve root compression, range of motion, or motor loss. He did note Plaintiff had negative straight leg tests and full motor strength in her lower extremities on April 13, 2017. R. at 26. However, Plaintiff points to numerous medical records showing neuro-anatomic distribution of pain, limited range of motion in the spine, a positive straight leg test, and an MRI in April 2018 which showed potential compression of the L3 nerve root and a disc contacting the L5 nerve root. *See, e.g.*, R. at 256, 331, 456, 496, 515. Plaintiff continued treatment with physical therapy, lumbar facet injections, lumbar epidural steroid injections, and narcotic pain medication after her surgery and after the date on which she alleges onset of disability, showing "a record of ongoing management and evaluation." R. at 26-27.

As the ALJ is required to determine whether Plaintiff meets a Listing before proceeding to determine Residual Functional Capacity, and the medical findings required for the Listing differ from those that may determine her RFC or ability to work, the ALJ's review of evidence in determining an RFC does not necessarily mean he correctly assessed whether Plaintiff met a Listing. Further, it does not appear the ALJ considered the specific symptoms of nerve root compression and whether they appeared sufficiently in the record to show compression for at least twelve months. The court is, therefore, unable to assess whether this determination by the ALJ is supported by substantial evidence. Accordingly, the court is constrained to remand for further administrative action.

*2) Opinion Evidence*

Plaintiff also objects to the Magistrate Judge's findings regarding the medical opinion evidence, specifically the treating source opinion by Dr. Giddens. ECF No. 19 at 3. She argues the Magistrate Judge's conclusion, that Plaintiff must show her condition worsened from the time period when she was working, is incorrect as she had attempted to continue working with restrictions and was unable to do so. *Id.* She contends the Magistrate Judge did not address her argument about a Functional Capacity Evaluation ("FCE") by Dr. Giddens which was not reviewed by the ALJ. *Id.* at 3.

Defendant argues the Magistrate Judge explained Plaintiff did not allege disability during the period that she was working, and so must show her condition worsened from the period before she *alleges disability*, not necessarily from the period while she was working. ECF No. 20 at 2. He also contends the Magistrate Judge properly found no reversible error in the ALJ's treatment of the evidence. *Id.*

The court agrees the ALJ and Magistrate Judge did not determine Plaintiff must show her condition worsened from the time period she was working, but from the time period before she alleges disability. Plaintiff alleges disability as of April 3, 2017, and the Magistrate Judge explained Plaintiff must therefore show her conditioned worsened from before that date. ECF No. 18 at 6-7. However, as noted by the Magistrate Judge, Dr. Giddens found, on April 3, 2017, Plaintiff's imaging studies showed no significant pathology, he had "nothing further to offer" her, and therefore he released her from his care. *Id.* at 7 (citing R. at 285-86). The ALJ noted Plaintiff's examination was normal on this date. Although Dr. Giddens refers to the FCE in his notes from

8

that visit, he did not make any notation that his "To Whom it may concern" letter was based on the FCE, nor did he note any irregular findings from the FCE in his progress notes on that day. R. at 285-86. Neither does his letter stating Plaintiff was "unable to work in any capacity at this time," reference the FCE or any clinical findings or reasoning for his conclusion. The ALJ accorded this letter little weight as it was not supported by Dr. Giddens' own treatment notes. R. at 27.

The court finds Plaintiff's objection regarding Dr. Giddens' opinion unavailing. The ALJ explained he gave little weight to this letter because it was unsupported by the doctor's own findings, and because other medical evidence of record failed to support the letter's statement that Plaintiff was unable to work in any capacity. Although the ALJ did not specifically mention the FCE when determining what weight to assign the letter, neither did Dr. Giddens. Therefore, as the ALJ properly explained his reasoning for giving the "To Whom it may concern" letter little weight, the court will not disturb this finding. This objection is overruled.

    3) _Past Relevant Work_

Plaintiff next argues the ALJ's decision regarding her past relevant work is not supported as she cannot perform her past work, either as she performed it or as it is generally performed, because she is limited to lifting 10 pounds and has limitations in walking that would prevent it. ECF No. 19 at 5. Defendant contends the Magistrate Judge explained how substantial evidence supported the ALJ's decision that Plaintiff could perform her past relevant work as generally performed.

9

The ALJ determined Plaintiff has the RFC to perform light work except she can never climb ladders, ropes, or scaffolds, but can occasionally perform other postural activities and must avoid concentrated exposure to extreme cold and vibration. R. at 24. He noted Plaintiff has past relevant work as a senior shipper, and her RFC means she can perform this job as it was actually performed and generally performed. R. at 28. The Magistrate Judge agreed with Plaintiff she cannot perform her past relevant work as it was actually performed, as Plaintiff testified at the hearing before the ALJ she was required to lift up to 30 pounds which is inconsistent with her RFC. ECF No. 18 at 15. However, the Magistrate Judge found the ALJ's determination she could perform as a senior shipper as it is generally performed pursuant to the DOT sufficient. The Report also noted Plaintiff made no showing she cannot perform as a senior shipper as it is generally performed. *Id.* at 16.

Plaintiff argues this does not take into account her physicians' opinions she should be restricted to lifting only 10 pounds, "as dictated by her FCE, Dr. Edwards, and Dr. Giddens." ECF No. 19 at 5.[4] However, the RFC formulated by the ALJ did not restrict her to lifting only 10 pounds, but found she could do light work (which involves lifting no more than 20 pounds, and includes senior shipper as generally performed). Plaintiff does not appear to challenge the formulation of her RFC as it pertains to her lifting ability except as related to her ability to do her past relevant work as it is generally performed. Further, Plaintiff's argument regarding her reports

---

[4] The court notes the FCE dated February 2017 found almost all measurements "within functional limitations" with the exception of bilateral hip flexion. R. 330-31.

10

of regularly lifting 25 pounds are related to how her job was actually performed, not how it is generally performed. Therefore, this argument fails and Plaintiff's objection is overruled.

### 4) *Credibility Evaluation*

Finally, Plaintiff argues the ALJ failed to properly consider the "supportability" of her subjective reports with evidence that supports a finding she meets Listing 1.04A, her FCE, evidence documenting difficulty with bending and stooping, and her examining physicians' opinions. ECF No. 19 at 5. Defendant notes this objection is "without specificity" and therefore is "too vague to warrant consideration." ECF No. 20 at 3.

The ALJ found, "after careful consideration of the evidence," Plaintiff's medically determinable impairments could be expected to cause some of the alleged symptoms, but her statements about intensity, persistence, and limiting effects of her symptoms were not "entirely consistent" with the medical record. R. at 25. He then described the medical evidence of record, assigned weight to the medical opinions, and found her activities of daily living inconsistent with her allegations of significant functional limitations (but "fully consistent with the RFC described above"). R. at 27. The Magistrate Judge found the ALJ properly reviewed the record evidence and that his finding regarding Plaintiff's subjective complaints is supported by substantial evidence. ECF No. 18 at 18.

The court agrees with the Magistrate Judge's well-reasoned finding that the ALJ's determination regarding credibility is supported by substantial evidence. The ALJ appropriately explained the weight given to the physicians' opinions and how the medical findings and "fairly

active lifestyle" contradicted her allegations of pain and were "not indicative of a significant restriction of activities or constriction of interests." R. at 27. The court may not disturb a decision supported by substantial evidence merely because the record may contain conflicting evidence or because Plaintiff disagrees with the ALJ's conclusion. Therefore, this objection is overruled.

### Conclusion

For the reasons set forth above, the court reverses and remands the decision of the Commissioner for further administrative action pursuant to sentence four of § 405(g) on the issue of whether Plaintiff meets Listing 1.04A.[5] The court therefore declines to adopt the Report on this point only. The balance of the Report is adopted and incorporated by reference in this Order, and Plaintiff's additional objections are overruled.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 19, 2020

---

[5] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.